UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDEN ENVIRONMENTAL CITIZEN'S GROUP, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CALIFORNIA CASCADE BUILDING MATERIALS, INC, et al., <br><br> Defendants. | No. 2:19–cv–1936–TLN–KJN <br><br> ORDER <br><br> (ECF No. 37) |

On March 19, 2020, Plaintiff filed a motion to compel regarding a discovery dispute over a Rule 34(a)(2) entry onto land. (ECF No. 34.) Plaintiff requested a hearing for March 26, pursuant to Local Rule 251(a), and the court set the matter for a telephonic hearing on that day. (ECF No. 36.) The court granted defendants leave to file their separate statement by Tuesday, March 24, 2020. (Id.)

Defendant objected to the shortened time, contending the normal procedure for discovery disputes requires a hearing set 21 days out, and requires a joint statement from the parties—neither of which was adhered to in this proceeding. Further, defendants argue that while Local Rule 251 permits a hearing on seven days notice, it requires a joint statement to be filed indicating the parties have conferred on the issue. See Terry v. Wasatch Advantage Grp., 2017 U.S. Dist. LEXIS 116288, at *3 n.2 (E.D. Cal. July 25, 2017). Defendants also argue plaintiff has

1

not met the good-faith requirement of conferring with defendants prior to filing a separate statement, as is allowed by Local Rule 251(d). Finally, defendants the parties agreed to defer this category of discovery, and also contend that no exigency exists for the shortened period given California's "shelter at home" order.

The court overrules defendants' objections. As defendants correctly note, Local Rule 251(a) allows for a hearing on seven days' notice, and plaintiff's motion was filed seven days prior to the hearing. Further, Local Rule 251(d) allows for a separate statement to be filed: "If counsel for the moving party is unable, after a good faith effort, to secure the cooperation of counsel for the opposing party in arranging the required conference, or in preparing and executing the required joint statement, counsel for the moving party may file and serve an affidavit so stating." Here, plaintiff's counsel did so file an affidavit, which demonstrated that the parties had been discussing this issue since early February 2020—the court expects defendants will oppose the motion to compel on the same grounds as they have asserted since then. (See ECF No. 33.) Further, the court notes that while defendants claim the parties agreed to bifurcate discovery, leaving merits discovery until the end of 2020, the parties' joint statement clearly contemplates requesting this entry onto land prior to then. (See Id. at p. 6: "The one exception to this agreement to bifurcate and limit discovery is Plaintiff wishes to perform a site inspection of the Facility pursuant to Federal Rule of Civil Procedure 34, and, if possible, take storm water runoff samples during what is left of this year's Northern California rainy season."). Finally, as to defendants' contentions regarding the "shelter at home" order, the court will be holding the conference telephonically. Further, the court has yet to rule on the motion to compel, and so defendants' concerns about any actual inspection are premature. The court will discuss these issues with counsel at next week's hearing. For now, defendants are advised to respond to the substance of plaintiff's motion by the due date. (See ECF No. 36.)

Accordingly, defendants' objections are OVERRULED.

SD, eden.193

DATED: March 20, 2020

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE