;/

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDEN ENVIRONMENTAL CITIZENS GROUP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA CASCADE BUILDING MATERIALS, INC. et al.,<br><br>Defendants. | No. 2:19–cv–1936–TLN–KJN<br><br><u>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST FOR EARLY DISCOVERY</u><br><br>(ECF No. 34) |

Plaintiff requested leave to take early discovery, seeking to conduct a site inspection of defendant California Cascade's property. (ECF No. 34.) Defendants opposed. (ECF No. 40.) The court heard the parties' arguments at a March 26, 2020 telephonic hearing. (ECF No. 41.) For the reasons stated at the hearing, and as summarized below, the court DENIES plaintiff's request without prejudice.

Federal Rule of Civil Procedure 26 grants parties the ability to conduct discovery at an early stage of the litigation, stating: "More than 21 days after the summons and complaint are served on a party, a request under Rule 34 may be delivered [] to that party by any other party[.]" Fed. R. Civ. P. 26(d)(2). This subsection also states "[t]he request is considered to have been served at the first Rule 26(f) conference." Rule 34 permits "entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may

1

inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2). This early discovery is, of course, subject to the rule regarding the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Here, plaintiff contends an inspection of the property is relevant to its claims against defendants under the Clean Water Act. 33 U.S.C. § 1311(a). Plaintiff's states:

> To gather evidence of this discharge, on February 22, 2020, Eden served California Cascade with its "Request for Land Inspection," [which] seeks entry upon the Facility during the next storm event forecasted to generate more than 0.2 inches of rain for purposes of, inter alia, conducting storm water sampling at the Facility.

(ECF No. 34 at p. 2.) Plaintiff argues that, because the rainy season ends in late March to early April, it has a compelling need to conduct this discovery now. The undersigned agrees that plaintiff's discovery appears potentially relevant to its case-in-chief, and at first blush, plaintiff's arguments are indeed compelling. Upon closer inspection, however, the request appears disproportionate to the needs of the case <u>at this point</u>.

The court notes that defendants currently have a motion to dismiss—concerning the scope of Cal. Cascade's permit—pending before the assigned district judge. (<u>See</u> ECF Nos. 20, 22.) The district judge has taken the issue under submission, and has yet to rule on the motion. (ECF No. 29.) As plaintiff admits, a ruling in defendants' favor completely disposes of all issues in this case. In fact, the parties appear to have recognized the permit's importance, as evidenced by their agreement to bifurcate discovery into two segments—the first being discovery regarding the scope of the permit, and the second regarding the alleged pollution. While the court agrees that plaintiffs clearly reserved their right to seek a site inspection in this first segment, taking water samples appears irrelevant to the permit issue. Thus, this early Rule 34 discovery does not appear important to resolution of the issues in the first segment of the case. <u>See</u> Rule 26(b)(1).

2

Further, the burden of this early discovery outweighs its likely benefit at this point in the case. Given that the state of California is currently under a "shelter at home" order, and given that defendants would more-than-likely want to have a team of individuals on site while plaintiff's expert conducted the inspection, it is too burdensome an undertaking for the court to order at this time. The court appreciates plaintiff's willingness to stipulate to health-and-safety guidelines, but does not agree this willingness obviates any burden on those involved.[1]

Plaintiff argued for the first time at the hearing that a site inspection is, in fact, relevant to the permit issue. Plaintiff states it intends to argue a question of fact exists as to whether Cal. Cascade's industrial activities are those that fall under the permit. However, this argument—inspecting the facility for the kinds of equipment used and activities undertaken—differs from its original request—to take storm-water samples. Even accepting relevance on the first portion of the case, it does not overcome the court's findings as to proportionality—given the extraordinary circumstances facing our state and country.[2] The court's denial is without prejudice, and so should plaintiff need to conduct a site inspection on permit-related issues, it may raise the argument after the motion-to-dismiss phase (should the court deny defendants' motions).[3]

---

[1] The court is sensitive to plaintiff's arguments on timeliness, understanding that the time is running short to conduct these tests this spring. However, Plaintiff could have moved on this issue much sooner than in the waning months of the rainy season. As defendants noted, plaintiff first raised the issue in early January 2020, but counsel failed to file this motion until late March. Additionally, the court notes the original complaint was filed in September of 2019, and yet plaintiff waited until late December to serve defendants. As counsel argued, plaintiff is indeed the master of its case, but plaintiff's strategic choices lessen the "compelling need" for this discovery. Finally, the court notes that this order does not bar plaintiff from gathering its water samples, but delays it until (likely) the next rainy season in late 2020—after the parties' agreed-to bifurcation deadline.

[2] Additionally, if Cal. Cascade is indeed shut down at the moment, an inspection to determine the normal industrial activities of the company would likely prove unfruitful—given that the company is likely not operating at 'normal' levels.

[3] This request should first be raised through the normal conferral process between the parties. If that is unsuccessful, the undersigned is available for an informal telephonic discovery conference, following the procedures outlined at http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/5046/, or by formal motion as per the normal operation of Local Rule 251 (or, alternatively, with the district judge as per Rule 56(d) and (e)).

1 | Accordingly, it is HEREBY ORDERED that plaintiff's request for early discovery (ECF
2 | No. 34) is DENIED WITHOUT PREJUDICE.
3 | Dated: March 30, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

eden.1936