Kent J. Schmidt (SBN 195969)
schmidt.kent@dorsey.com
DORSEY & WHITNEY LLP
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626-7655
Telephone: (714) 800-1400
Facsimile: (714) 800-1499

M. Benjamin Machlis (admitted *pro hac vice*)
machlis.ben@dorsey.com
Megan Houdeshel (admitted *pro hac vice*)
houdeshel.megan@dorsey.com
DORSEY & WHITNEY LLP
111 S. Main Street, 21st Floor
Salt Lake City, UT 84111-2176
Telephone: (801) 933-7360
Facsimile: (801) 933-7373

Attorneys for Defendants California Cascade
Building Materials, Inc., Amar S. Doman and
James Code

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDEN ENVIRONMENTAL CITIZEN'S GROUP, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA CASCADE BUILDING MATERIALS, INC., a Delaware corporation; AMAR S. DOMAN, an individual; and JAMES CODE, an individual,<br><br>Defendants. | CASE NO: 2:19-cv-01936 TLN KJN<br><br>**STIPULATION REGARDING PROTECTIVE ORDER** |

Pursuant to L.R. 141.1, California Cascade Building Materials, Inc. and Eden Environmental Citizen's Group, LLC ("PARTIES") hereby submit a proposed stipulated protective order for the Court's consideration and approval.

## I. PURPOSES AND LIMITATIONS, AND GOOD CAUSE STATEMENT

### A. PURPOSES AND LIMITATIONS

(1)     Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the PARTIES hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The PARTIES acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The PARTIES further acknowledge, as set forth in Section G, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal.

### B. GOOD CAUSE STATEMENT

(2)     This case involves proprietary business information and other sensitive commercial, financial, technical, and/or proprietary information ("MATERIAL") for which special protection from public disclosure, disclosure to the other Party, and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary MATERIAL consists of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the PARTIES are entitled to keep confidential, to ensure that the PARTIES are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this

matter. It is the intent of the PARTIES that information will not be designated as confidential or attorneys' eyes only for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

(2) The PARTIES, by and through their respective counsel, hereby stipulate and agree that any MATERIAL deemed by any Party or by any person or entity that is not a party to this action ("THIRD-PARTY") to be confidential, proprietary, trade secret and/or subject to a right of privacy ("CONFIDENTIAL INFORMATION"), shall be designated and protected according to the following terms and conditions:

### C. DESIGNATING PROTECTED MATERIAL

(3) Any Party or THIRD-PARTY may determine in good faith whether any MATERIAL should be designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" ("DESIGNATING PARTY"). However, such good faith belief must be based on the fact that such information has not been made public and the DESIGNATING PARTY must have a good faith belief that if such information is disclosed it will have the effect of causing harm to a Party's competitive position or otherwise impinge upon a Party's right to privacy. PARTIES and THIRD-PARTIES shall also have the right to designate as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," MATERIAL produced, served or provided by other PARTIES or THIRD-PARTIES, in which case the DESIGNATING PARTY shall notify the other PARTIES and/or THIRD-PARTIES of the MATERIAL that should be treated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" pursuant to this Stipulated Protective Order. Any MATERIAL, or any part thereof, designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall be used only for the preparation and trial of this action, including discovery, pre-trial proceedings, trial, appellate proceedings and petitions for reconsideration and/or review, and shall not be used for any business, commercial or other purpose. Except as otherwise provided in this Stipulated Protective Order, or as otherwise stipulated or ordered, any MATERIAL that a Party or THIRD-PARTY deems "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" must be clearly so designated. Designation in conformity with this Stipulated Protective Order requires the following:

a. For MATERIAL in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the DESIGNATING PARTY producing the documents shall affix the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" at the top or bottom or by watermarking of each page of a document that contains CONFIDENTIAL INFORMATION. The DESIGNATING PARTY that makes original documents available for inspection need not designate them for protection under this Stipulated Protective Order until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the documents made available for inspection shall be deemed "CONFIDENTIAL-ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the DESIGNATING PARTY must determine which documents qualify for protection under this Stipulated Protective Order; then, before producing the specified documents, the producing Party must affix the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" to each page of the documents that contain CONFIDENTIAL INFORMATION. If, after production, a Party or THIRD-PARTY designates as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" documents not previously designated, then any Party in possession of such documents shall designate the documents as such in accordance with this Stipulated Protective Order.

b. For testimony given in deposition or in other pretrial or trial proceedings, the DESIGNATING PARTY shall identify either (a) on the record before the close of the deposition, hearing or other proceeding, or (b) within 20 days after receiving the transcript of such deposition, hearing or other proceeding, all portions of the testimony that it wants to designate as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY." Only those portions of the testimony that are designated for protection during the deposition or other pretrial or trial proceedings, or within the 20 days after receipt of the transcript of such testimony, shall be covered by the provisions of this Stipulated Protective Order. The court reporter shall affix to the top or bottom of each page of a transcript containing CONFIDENTIAL INFORMATION the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," as instructed by a DESIGNATING PARTY's instructions.

    c. For any MATERIAL produced in other than documentary form and for any other tangible items, the DESIGNATING PARTY producing such MATERIAL or tangible item shall affix in a prominent place on the exterior of the container or containers in which the material or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the DESIGNATING PARTY, to the extent practicable, shall identify the protected portions. If, after production, a Party or THIRD-PARTY designates as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" any non-documentary MATERIAL or tangible item not previously designated, then any Party in possession of such MATERIAL or tangible item shall designate it as such in accordance with this Stipulated Protective Order.

### D. ACCESS TO AND USE OF CONFIDENTIAL INFORMATION

(5) Subject to paragraph 10 below, all MATERIAL designated as "CONFIDENTIAL" may be disclosed only to:

    a. Counsel for a Party, as well as their employees and other persons or entities retained by such counsel to provide litigation-related services;

    b. Experts, consultants and other independent contractors retained or employed to consult with, advise or assist counsel for a Party in the preparation or trial of this case, as well as their employees and who have signed the "Acknowledgment and Agreement to Be Bound" by Protective Order (Exhibit A);

    c. The PARTIES to this action and their current directors, officers and employees;

    d. Witnesses who are being prepared by counsel to give testimony at a deposition or at trial, or who are being examined by counsel at a deposition or at trial;

    e. Personnel employed by the this Court or any appellate court, including, the Ninth Circuit Court of Appeals, appellate court justices, court reporters, clerks and administrative support personnel;

    f. Professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" by Protective Order (Exhibit A);

  g. The author or co-author of the document or the original source of the information;

  h. Any mediator or settlement officer (and their supporting personnel) mutually agreed upon by any of the PARTIES engaged in settlement discussions.

 (6) A DESIGNATING PARTY may designate as "CONFIDENTIAL-ATTORNEYS EYES ONLY" any MATERIAL that contains private, confidential, proprietary and/or trade secret information that is so sensitive that such MATERIAL should not be disclosed to the directors, officers or non-attorney employees of other PARTIES. MATERIAL designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" may be disclosed only to those persons and entities identified in paragraph (5) (a), (b), (e), (f), (g), and (h), above.

 (7) PARTIES shall take appropriate measures to ensure that all persons permitted access to MATERIAL designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" under paragraph 5(b), (c) or (d) of this Stipulated Protective Order have agreed, prior to reviewing any such CONFIDENTIAL INFORMATION, to be bound by the terms and conditions hereof with respect to the restricted disclosure and use of such CONFIDENTIAL INFORMATION. Prior to receiving any CONFIDENTIAL INFORMATION, those persons shall sign a copy of the statement attached hereto as Exhibit A, agreeing to be bound by the terms of this Stipulated Protective Order and submitting to the jurisdiction of this Court to enforce this Stipulated Protective Order. The Party who obtains any such signed statements shall retain possession of the statements and shall provide a copy of the statements at the written request of another Party. However, under no circumstances shall any Party be required to disclose the identity or existence of any expert, consultant or witness until otherwise required to do so by law or order of this Court.

**E. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

 (8) If, at any time during the pendency of this action, counsel for any Party wishes to challenge a DESIGNATING PARTY's designation of MATERIAL as containing CONFIDENTIAL INFORMATION, and to exclude such MATERIAL from the provisions of this Stipulated Protective Order, the Party may proceed by petition before this Court. The PARTIES shall first meet and confer in a good faith effort to resolve informally any disputes concerning this Stipulated Protective Order

before bringing any such petition before this Court. The DESIGNATING PARTY bears the burden of establishing the appropriateness of a confidentiality designation.

### F. INADVERTENT OR UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION

(9) Pursuant to Rule 502 of the Federal Rules of Evidence, the production of documents, electronically stored information ("ESI"), or other information subject to the attorney-client privilege or the work-product doctrine, whether inadvertent or otherwise, will not waive the attorney-client privilege or the work-product doctrine. In addition, the PARTIES agree that if a document, ESI or other information subject to the attorney-client privilege or the work product doctrine is included in documents, ESI or other information made available for inspection, such disclosure shall be considered not a waiver of the attorney-client privilege or the work-product doctrine. Upon entry by this Court of the present Protective Order, the privilege or protection is deemed not waived by disclosure in connection with this Action, as well as any other Federal or State proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

(10) If a Party believes that it has inadvertently produced any document, ESI or other information that it believes may be subject to the attorney-client privilege or work-product doctrine ("Protected Document"), the Party may claw back the Protected Document by making a written request to the Receiving Party specifically identifying the Protected Document, including the date, author, addressees, and topic of the document as well as a brief explanation of the reason for the claim of privilege. Upon receipt of this written request, each Party receiving said document, ESI or other information shall immediately cease use of this document, ESI or other information and information contained therein and shall return it and all physical copies and delete all electronic copies within five (5) business days to the Producing Party. The record of the identity and nature of an inadvertently produced document, ESI or other information may not be used for any purpose other than in preparation of a motion to compel the production of the same document in this Action. No information in an inadvertently produced document, ESI or other information may be used or relied upon for any other purpose in this Action until the Court so orders. After the return of the document(s), ESI or other

information, the Receiving Party may challenge the Producing Party's claim(s) of privilege or work-product by making a motion to the Court.

(11) Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI, or other information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information prior to production.

### G. MAINTENANCE AND FILING OF CONFIDENTIAL INFORMATION

(12) All MATERIAL designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," shall be kept in secure facilities. A "secure facility" is a place where access is restricted to only to those designated persons set forth in paragraphs 5(a) and (b) of this Stipulated Protective Order. Such requirement is not applicable to the Court.

(13) The PARTIES recognize the Court is a public institution where the sealing of Court records is the exception rather than the rule. A Party that seeks to file under seal any MATERIAL designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" must comply with Local Civil Rule 141.1. As such, the PARTIES agree that when utilizing CONFIDENTIAL INFORMATION in a proceeding before the Court or in submission of any documents to the Court with a pleading or in evidence, that each Party shall make every effort to minimize the number of documents such Party requests to be sealed, and attempt only to seal the portion of the document or pleading that includes CONFIDENTIAL INFORMATION.

(14) A Party that seeks to file under seal any MATERIAL designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" must comply with Local Civil Rule 141.1. MATERIAL may only be filed under seal pursuant to a court order authorizing the sealing of the specific MATERIAL at issue. If a Party's request to file MATERIAL under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

(15) If previously sealed documents are ordered unsealed for use at trial, counsel for the Party offering the document as evidence shall identify which entries to the docket represents the exhibits actually received, within five (5) business days after the conclusion of the trial.

### H. CONFIDENTIAL INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

(16) The terms of this Stipulated Protective Order shall apply to all manner and means of discovery, including subpoenas duces tecum.

(17) In the event that a Party is served with a subpoena that seeks to compel the production of MATERIAL designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," the Party upon whom the subpoena is served shall give written notice of the subpoena to the DESIGNATING PARTY at least seven (7) calendar days before the production date (or, if the subpoena provides less than seven (7) days' notice, within one (1) business day after service of the subpoena). The DESIGNATING PARTY may then file a petition or motion to quash the subpoena and/or obtain such other relief as will protect the confidential nature of the documents. If the DESIGNATING PARTY files such a petition before the production date specified in the subpoena, the Party upon whom the subpoena is served shall not produce the requested documents until after this Court or appropriate court has ruled on the petition or motion.

### I. FINAL DISPOSITION

(18) Within sixty (60) days after the final termination of this action, counsel for each Party shall destroy any and all MATERIAL designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" and shall destroy all copies, digests or summaries which have been made of, or prepared from, such CONFIDENTIAL INFORMATION, and shall provide counsel for the Party or THIRD-PARTY who produced such MATERIAL (upon request) with a declaration under penalty of perjury attesting to such return and/or destruction. For purposes of this Stipulated Protective Order, the term "final termination" shall refer to the time after any final order or award is entered in this action, with no timely petition for reconsideration or petition for review having been filed, or, if any such petition is filed, after a final decision is rendered by the United States District Court or any appellate court with no further petition or appeal pending or possible.

**J.     MISCELLANEOUS**

(19)   Nothing in this Stipulated Protective Order shall be construed to relieve any Party from the obligation to timely respond to a discovery request, nor shall this Stipulated Protective Order be construed as a waiver of the right to assert any objection to a discovery request.

(20)   This Stipulated Protective Order is intended to regulate the production and dissemination of CONFIDENTIAL INFORMATION during the entirety of this action, and thereafter shall remain in full force and effect, unless and until modified, superseded or terminated by written agreement of all PARTIES or by order of this Court. Nothing in this Order abridges the right of any person or entity to seek its modification by the Court in the future. This Stipulated Protective Order shall become effective as among the PARTIES when executed by all PARTIES, with or without the Court's entry of the order. This Court shall retain jurisdiction to enforce the provisions of this Stipulated Protective Order and to enter amendments, modifications and additions to this Stipulated Protective Order as this Court may from time to time deem appropriate upon noticed motion of a Party or upon this Court's own motion upon notice to the PARTIES.

(21)   Counsel for both PARTIES shall make every attempt to redact exhibits for use at trial as opposed to marking such exhibits "CONFIDENTIAL" so as to reduce the burden of sealing for the Court during trial.

(22)   Nothing in this Stipulated Protective Order shall be construed as improperly limiting the rights of third PARTIES involved in other actions to conduct discovery or to limit the subpoena power of another court unless a Court grants a properly noticed motion for protective order in such other proceedings.

(23)   Documents exchanged pursuant to this Stipulated Protective Order may only be used in connection with the present action, and may not be used by any Party or its respective counsel in any future or parallel proceeding.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:

10
STIPULATED PROTECTIVE ORDER

| | |
|---|---|
| Dated: May 19, 2020 | DORSEY & WHITNEY LLP |

By: /s/ *M. Benjamin Machlis*
Kent J. Schmidt (SBN 195969)
M. Benjamin Machlis (admitted *pro hac vice*)
Megan Houdeshel (admitted *pro hac vice*)

Attorneys for Defendants California Cascade Building Materials, Inc., Amar S. Doman and James Code

Dated: May 19, 2020            ENVIRONMENTAL ADVOCATES

By: /s/ *Brian Orion (with permission)*
Christopher Sproul (SBN 126398)
Brian Orion (SBN 239460)

Attorneys for Plaintiff Eden Environmental Citizen's Group, LLC.

**ORDER**

The Court has reviewed the parties' stipulated protective order, which comports with the relevant authorities and the Court's applicable local rule. See L.R. 141.1(c);[1] see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002) ("Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary.") Therefore, the Court GRANTS the request subject to the following clarification.

This Court's Local Rules indicate that once this action is closed, "unless otherwise ordered, the Court will not retain jurisdiction over enforcement of the terms of any protective order filed in that action." L.R. 141.1(f). Courts in the district generally do not agree to retain jurisdiction after closure of the case, and the Court will not do so here. See, e.g., MD Helicopters, Inc. v. Aerometals, Inc., 2017 WL 495778 (E.D. Cal., February 03, 2017). Based on this rationale, the Court will not retain jurisdiction over this protective order once the action is closed.

Dated: May 21, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

eden.1936

---

[1] The Court's Local Rules instruct the parties, when requesting a protective order, to include in their submission:
   (1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);
   (2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and
   (3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Local Rule 141.1(c).

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by this Court on [date] in the case of *Eden Environmental Citizen's Group, LLC v. California Cascade Building Materials, Inc., et al*, Case No. 2:19-cv-01936-TLN-KJN. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of this Court for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

14
CERTIFICATE OF SERVICE STIPULATED PROTECTIVE ORDER