UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDEN ENVIRONMENTAL CITIZENS GROUP, LLC,<br><br>            Plaintiff,<br><br>   v.<br><br>CALIFORNIA CASCADE BUILDING MATERIALS, INC. et al.,<br><br>            Defendants. | No. 2:19–cv–1936–TLN–KJN<br><br>ORDER ON DEFENDANTS' MOTION TO STAY DISCOVERY<br><br>(ECF No. 50) |

On December 8, 2020, defendants moved to stay discovery. (ECF No. 50.) Therein, defendants contended that after they filed their motion for summary judgment (ECF No. 45), plaintiff served additional discovery requests—including 26 requests for admission, 14 requests for production, 11 interrogatories, a request to inspect Cascade's facility, and 3 notices of deposition (of Cascade's corporate representative and two individuals associated with the Water Control Board's pre-suit inspection). Defendant argues (a) the parties had agreed to bifurcate discovery and to a dispositive motion deadline of October 15, (b) plaintiff failed to conduct any discovery prior November 2020, and (c) a pending motion to dismiss and a pending motion for summary judgment (both currently under submission with the district court) are dispositive of the entire case. Thus, defendant contends this discovery should not be permitted until, at a minimum, the dispositive motions have been resolved.

1

1    Plaintiff opposes the stay, arguing defendants have not shown good cause.  First, plaintiff
2    contends the pending dispositive motions are not potentially case ending, and if the undersigned
3    were to "peek" at the merits of defendant's motions, he would find them to lack merit.  Second,
4    plaintiff notes its request to the district judge, in its opposition to the motion for summary
5    judgment, to pursue and submit further discovery under Rule 56(d) in support of its position in
6    the summary judgment proceedings (the discovery plaintiff seeks appears to align with the
7    discovery served in November 2020).  Further, defendants objected to a considerable number of
8    plaintiff's evidence submitted in support of its opposition briefing, and plaintiff did not respond to
9    these objections.  Third, plaintiff disputes that an October 15 dispositive-motion deadline was in
10   effect, as there is currently no scheduling order signed by the district judge.

11   The motion to stay discovery was set for December 17, but on the court's initiative was
12   moved to December 18.  However, upon further review, the undersigned notes the intertwined
13   nature of defendants' motion to stay and the two pending motions before the district court.  If the
14   undersigned were to stay discovery until after the dispositive motions were resolved, this could
15   affect plaintiff's ability to request relief under Rule 56(d).  However, if the undersigned were to
16   deny the stay, this could lead to defendants having to respond to requests that the district judge
17   may deem inadmissible in the summary judgment proceedings.  Further, the undersigned is
18   hesitant to comment on the merits of the pending motions, as those issues are for the district judge
19   to resolve.  Accordingly, the court ORDERS:

20   1. Defendant's motion to stay is GRANTED IN PART.  Discovery is stayed until the district
21      court rules on either: (a) the merits of the motion to dismiss or motion for summary
22      judgment, or (b) plaintiff's request under Rule 56(d) to conduct and submit further
23      discovery in support of its opposition briefing.  After the district court has ruled on one (or
24      all) of these issues, the undersigned will consider whether the stay should be extended.
25   2. The hearing on defendant's motion, currently set for December 18, 2020, is VACATED.
26   Dated:  December 9, 2020

27
     eden.1936
28

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

2